IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TYSON RAMON JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0230 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner filed an application for a writ of habeas corpus challenging a state prison disciplinary decision in which he, *inter alia*, lost 30 days previously earned good time, was demoted in custody level from minimum to medium, and demoted in time earning class from S3 to L1. The undersigned United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that the habeas application be denied because petitioner is not eligible for mandatory supervised release.[1]

In his habeas application, petitioner included the argument:

> The Parole Board uses [an inmate's] disciplinary history as an inmate's potential for rehabilitation, potential danger to society if released on parole. So, I have a protected liberty interest in accordance with [Texas] Government Code 508.147 & 508.149.

---

[1] In Texas, good time credits apply only to eligibility for parole and release on mandatory supervision, and do not affect the length of an inmate's sentence. *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App. 1995). As petitioner is not eligible for release on mandatory supervision as a result of his underlying conviction, his forfeited good time credits could apply only to his eligibility for parole. Prisoners in Texas possess no constitutionally protected right to release on parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Because petitioner possesses no constitutionally protected right to release on parole and is ineligible for release on mandatory supervision, no constitutional violation was presented and his claims did not provide a basis for federal habeas corpus relief.

Petitioner further argued:

> I have a liberty interest [in] my good conduct time because the Parole Panel can state that the inmates accrued good conduct time is not an accurate reflection of the inmate's potential rehabilitation & the inmate's release would endanger the public.

Petitioner has also filed objections to the Report and Recommendation asserting he has a liberty interest protected by the Due Process Clause because:

1. Petitioner's loss of line class "plays a role in how much good time [he] accrue[s] on a monthly basis; and

2. Petitioner will not be eligible for parole until his time earning class is reinstated and reinstatement cannot occur for one (1) year after the infraction, therefore, he is "required to stay in prison for a minimum of one additional year," thereby denying his "right to come up for parole."

## Use of Disciplinary History in Determining Parole

Petitioner contends a liberty interest is implicated because the Parole Board considers an inmate's disciplinary history as an indicator of an inmate's institutional adjustment, potential for rehabilitation, and potential dangerousness to society if released on parole. A Texas inmate, however, possesses no constitutionally protected right to release on parole because the decision of whether to parole or not to parole is left solely to the discretion of the Board of Pardons and Paroles. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Although there is no Fifth Circuit case law establishing a constitutional right to challenge a prison disciplinary case because the case itself disqualifies an inmate for parole, petitioner JOHNSON is not eligible for release to parole until August 6, 2023 due to the nature of his offense and has not yet been reviewed for parole. Thus, his presumed argument that his disciplinary history may diminish his parole prospects and thus creates a liberty interest subject to due process protection is not ripe.

## Parole Board's Discounting Accrued Good Time

Petitioner appears to argue he has a liberty interest protected by the Due Process Clause

because the Parole Panel can find that the inmate's amount of accrued good conduct time is not an accurate reflection of the inmate's potential rehabilitation and that the inmate's release would endanger the public. The undersigned cannot discern any basis for finding the existence of a liberty interest in such an instance. Not only does a Texas inmate possess no constitutionally protected right to release on parole as noted above, an inmate does not have any enforceable expectation for release on parole based on the amount of good time he accrues, nor an enforceable expectation that the Parole Board will consider the amount of good conduct time he has accrued to accurately reflect his potential rehabilitation.

### Loss of Time Earning Class

Due Process Clause protections are not implicated by a reduction in time earning class status. The United States Court of Appeals for the Fifth Circuit has held that "the mere opportunity to earn good-time credits" does not constitute "a constitutionally cognizable liberty interest sufficient to trigger the protections of the Due Process Clause" because an inmate's custodial classification will not "inevitably affect the duration of his sentence." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996) (emphasis added).

### Denial of "Right to Come Up for Parole"

Petitioner contends a one (1) year set-off for review of his time earning class has resulted in his being "required to stay in prison for a minimum of one additional year" and denying his "right to come up for parole." Petitioner thus concludes he has demonstrated a liberty interest invoking the Due Process Clause's procedural guarantees.

Petitioner's loss of good time credits, the loss of the opportunity to earn good time credits, *i.e.*, his time earning class, and the 1-year set-off for review of his time earning status, did not affect, much less delay, petitioner's eligibility for parole. Petitioner is serving a sentence for aggravated robbery,

an offense specifically listed under section 3g of article 42.12 of the Texas Code of Criminal Procedure. Therefore, petitioner's parole eligibility is not based on a calculation of his accrued good time and the number of calendar time he has served, rather, petitioner is not eligible for parole until he has served ½ of his sentence in flat calendar time without consideration of any good time accrued. The 1-year set-off for review of petitioner's time earning status did not result in petitioner being "required to stay in prison for a minimum of one additional year" nor did it restrict his "right to come up for parole" since, as discussed previously, he will not be eligible until 2023. The 1-year set-off for review of petitioner's time earning status did not violate any protect liberty interest petitioner may have in parole eligibility.

## RECOMMENDATION

For the reasons set forth in the Report and Recommendation and in this Supplemental Report and Recommendation, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TYSON RAMON JOHNSON be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of June 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).